UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DAVID W. WEATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 09-04-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY STATE UNIVERSITY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff David Weathers was employed as a law enforcement officer with Defendant Kentucky State University ("KSU") in Frankfort, Kentucky. Weathers claims that he was wrongfully terminated from this position on June 20, 2008. On November 6, 2008, he filed suit in the Franklin Circuit Court, alleging that KSU violated state and federal law in connection with the termination.

KSU removed the action to this Court on January 9, 2009. Thereafter, it moved the Court for entry of partial summary judgment with respect to the Plaintiff's federal claims. According to the Defendant, it has not waived sovereign immunity and these claims are barred by the Eleventh Amendment to the United States Constitution. Weathers does not dispute the Defendants assertions of sovereign immunity. However, he contends that, prior to dismissal of his federal claims, he should be allowed to amend his complaint to assert additional claims against five individuals in their official and individual capacities. KSU opposes the Plaintiff's motion to amend.

-1-

Because KSU is entitled to immunity under the Eleventh Amendment to the United States Constitution, and because it has not waived this immunity, the motion for partial summary judgment will be granted.  Further, after reviewing the allegations contained in the Plaintiff's proposed First Amended Complaint, the Court concludes that the federal claims that Weathers attempts to assert against five proposed individual defendants in their official and/or individual capacities cannot be maintained.  Accordingly, the Court will deny the motion to amend to assert such claims.

**I.      Weathers' Original Complaint and Proposed Amended Complaint**

Weathers original Complaint contains the following allegations:

1) The Plaintiff, David Weathers is a resident of Fayette County.

2) The Defendant, Kentucky State University, is a University located in Franklin County, Kentucky.

3) This action is being brought pursuant to 42 USC § 1983 and 1988 to redress the violation by Defendant of the Plaintiff's rights secured by the United States Constitution. The Plaintiff also alleges a violation of the Policeman's Bill or Rights codified in KRS 15.520 and KRS 95.010, *et seq*. and as Article II of the Kentucky Constitution.

*      *      *

6) On or about June 1, 2004, the Plaintiff was hired as a law-enforcement officer by the Defendant.

*      *      *

8) The Plaintiff was terminated from his position with the Defendant without notice on June 20, 2008.

9) The Plaintiff was not given notice of any reason for his termination, nor was he given any opportunity to question his resignation.

-2-

10) Pursuant to state and federal law the Plaintiff had a legitimate expectation of continued employment as a law-enforcement officer at Kentucky State University.

11) The Plaintiff, pursuant to State and Federal law, had a constitutionally protected property interest in his continued employment as a law enforcement officer at Kentucky State University, which could only be taken pursuant to Due Process.

12) Defendant denied the Plaintiff his property interest without Due Process in violation of the Fourteenth (14th) Amendment to the United States Constitution by dismissing him from employment without giving him any pre-termination procedure to apprise him of the reason for dismissal and to afford him an opportunity to refute the reason for dismissal.

13) The Defendant denied the Plaintiff a property interest without Due Process in violation of the Fourteenth (14th) to the United States Constitution by dismissing him from employment without giving him a post-termination proceeding before an impartial decision maker.

14) The Defendant, in terminating the Plaintiff, violated the provisions of Article II of the Kentucky Constitution and KRS 15.520 and KRS 95.010, *et seq.*

[*See* Record No. 1; attached Complaint.]

After KSU moved for partial summary judgment regarding the Plaintiff's federal claims, Weathers sought leave to file an amended complaint to assert claims against Stephanie Bastin, Gary Merseles, Alice Johnson, Dr. Rubye Jones and Dr. Mary Sias in their official[1] and individual capacities. He asserts that each of the proposed Defendants was "involved" his termination decision. [*See* Record No. 12, ¶¶ 6-10.] However, Weathers new allegation is simply conclusory. He has not provided any details concerning any individual's specific involvement in the challenged action.

---

[1]     Weathers attempts to assert claims against: (1) Bastin as Chief of Police; (2) Merseles, as Director of Human Resources; (3) Johnson, as Vice President of Finance and Business Affairs; (4) Jones, as Vice President of Student Affairs; and (5) Sias, as President of KSU.

-3-

## II.      KSU's Motion For Partial Summary Judgment

As a general matter, 42 U.S.C. § 1983 provides litigants with a federal forum to remedy many deprivations of civil liberties.  *Wills v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). However, state entities possess Eleventh Amendment immunity and, absent a wavier of this immunity, cannot be sued under § 1983.  *Id.*

On May 8, 2009, KSU moved the Court to enter partial summary judgment in connection with the Plaintiff's federal claims.  KSU asserts that it is entitled to dismissal of these claims because, as a state agency, it is immune from suit under the Eleventh Amendment.  Citing *Autry v. Western Ky. Univ.*, 219 S.W.3d 713 (Ky. 2007), and *Withers v. University of Kentucky*, 939 S.W.2d 340, 343 (Ky. 1997), KSU argues that, as a state university, it is a state agency because it serves as a central arm of the state performing the essential function of educating state citizens at the college level and because it receives money from the state treasury in support of that function. [Record No. 11] And where, as here, sovereign immunity has not been waived, federal claims may not be maintained against it.

## III.      Weathers' Motion To Amend His Complaint

Weathers concedes that the Defendant's legal arguments are correct and, as a result, he cannot maintain federal claims against KSU.  However, he asks the Court to review and consider the allegations contained in his proposed First Amended Complaint before dismissing his federal claims in their entirety.  [*See* Record No. 13, p. 1.]

KSU opposes the Plaintiff's motion to amend his Complaint.  It argues that the official claims that the Plaintiff seeks to assert against Bastin, Merseles, Johnson, Jones, and Sias cannot

-4-

be maintained because suing a state official in his or her official capacity is no different than suing the state agency itself.  *See Will v. Mich. Dept. of State Police*, *supra,* at 71. Next, KSU contends that the Court should deny the motion with respect to the individual claims that Weathers seeks to assert because such claims cannot withstand a motion to dismiss.  According to KSU, " it is well settled that the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss."  *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).  And here, KSU argues that "the plaintiff's claims are mere 'naked assertion[s]' devoid of 'further factual enhancements.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 U.S. LEXIS 3472 at ***28 – ***29 (May 18, 2009).  The Plaintiff has not responded to KSU's arguments with respect to the motion to amend.

Having reviewed the authorities cited by KSU, the Court agrees that Weather's attempt to assert claims against Bastin, Merseles, Johnson, Jones, and Sias in their official capacities is barred.  As noted in *Will v. Mich. Dept. of State Police, supra,* and *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001), state employees sued in their official capacities cannot be held liable for money damages under § 1983.  Thus, with respect to these claims, the proposed amendment would be futile.

Likewise, the Court agrees with KSU's assertions that the Plaintiff's proposed amended complaint is devoid of factual allegations necessary to survive a motion to dismiss with respect to individual claims sought to be alleged against Bastin, Merseles, Johnson, Jones, and Sias.  As the Supreme Court recently explained in *Iqbal,* "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. . . .  While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.' " *Id.* at ***29 – ***30 (citing Fed. R. Civ. Pro. 8(a)(2).

Here, Weather's assertions that the KSU officials were "involved" in the decision to terminate him would be insufficient to maintain claims against them in their individual capacities. A government official may only be held liable for his or her own individual acts of misconduct. Alleged "involvement," standing alone, is an insufficient basis to proceed against these individuals.

### IV.   Conclusion

The federal claims that Weathers seeks to assert against KSU are barred by the Eleventh Amendment to the United States Constitution. Further, he may not maintain claims against Bastin, Merseles, Johnson, Jones, and Sias in their official capacities as officers of KSU. Likewise, Weathers has not alleged sufficient facts against these proposed Defendants to support claims against them in their individual capacities. Accordingly, it is hereby

**ORDERED** as follows:

1.     Defendant Kentucky State University's motion to for partial summary judgment [Record No. 11] is **GRANTED**. Plaintiff David Weathers' federal claims asserted against Defendant Kentucky State University are **DISMISSED**, with prejudice.

2.     Plaintiff David Weathers' motion to file an amended complaint [Record No. 12] is **DENIED**.

This 16th day of June, 2009.



Signed By:

_Danny C. Reeves_

United States District Judge